

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EDP:ADW
F. #2020R00192

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 20, 2026

<u>By ECF</u>

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    United States v. Jesus Guzman-Castro
<u>Criminal Docket No. 22-278 (FB)</u>

Dear Judge Block:

The government respectfully submits this application for an order permitting deferred disclosure of materials discoverable under Federal Rule of Criminal Procedure 16 that could identify certain potential trial witnesses (collectively, the "Materials"). The Materials, as described in greater detail and with further specificity in the government's <u>ex parte</u> letter filed simultaneously with this application (the "May 20 <u>Ex Parte</u> Submission"), provide information that could be used to identify potential trial witnesses, whose identities have not yet been disclosed to the defendant, his counsel or the public. These witnesses, together with their families, would face serious safety risks if their cooperation with the government and status as prospective trial witnesses were revealed at this time. Because of the negative effect that disclosure of the Materials could have on the security of the government's potential witnesses, the government seeks to defer production of one portion of the Materials until no later than one month before any motion to suppress deadline and the remainder of the Materials until no later than two months before jury selection in this case.

    I.    <u>Background</u>

The defendant is charged with international cocaine trafficking. While the indictment charges conduct occurring between 2016 and 2021, the government's investigation has revealed that the defendant's drug trafficking began in the 1990s and that he continued trafficking drugs until his arrest in Mexico in May 2025.

On June 15, 2022, a grand jury sitting in the Eastern District of New York returned the above-captioned indictment, charging the defendant with international cocaine distribution conspiracy, in violation of 21 U.S.C. §§ 963, 959(d) and 960(b)(1)(B)(ii). Separately, on October

13, 2021, the defendant was charged via superseding indictment in the District of South Carolina with one count of conspiracy to commit promotional money laundering, concealment money laundering, and engaging in financial transactions involving more than $10,000 in criminally derived property, in violation of 18 U.S.C. § 1956(h).

II.     Facts Justifying Delayed Disclosure of the Materials

The Materials and details concerning the potential trial witnesses who provided many of the Materials to the government will be described with greater specificity in the May 20 Ex Parte Submission.  In general, though, the Materials comprise the following documents and objects:

- Recorded communications;

- Audio/video recordings;

- A search warrant affidavit;

- Other materials that are discoverable pursuant to Rule 16, the description of which would likely reveal the source of the materials.

Each of the documents and objects for which the government seeks to delay disclosure likely will, once produced, reveal to the defendant the identity of potential trial witnesses against the defendant. To protect the potential witnesses and their families, however, the government has not informed the defendant or the public of the cooperation status or the identities of these witnesses. The government's concern for the security of these witnesses will be described with greater specificity in the accompanying the May 20 Ex Parte Submission.

III.    Applicable Law

Federal Rule of Criminal Procedure 16 provides, in pertinent part, as follows:

At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).  The Advisory Committee Notes to the 1966 Amendments to the Rule make clear that "[a]mong other considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals."

A decision to withhold discovery under Rule 16(d)(1) is left to the sound discretion of the district court and will not be disturbed on appeal absent a showing that "the substantial rights of the defendant have been prejudiced."  United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) (Glasser, J.); see also In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93,

122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Delia, 944 F.2d 1010, 1018 (2d Cir. 1991) (noting that because the language of Rule 16(d)(1) "is . . . permissive," the district court may "limit or otherwise regulate discovery had pursuant to the Rule"). As Judge Brian M. Cogan has previously held, "it is well within [the Court's] discretion to defer production of certain discovery related to cooperating witnesses [and] confidential sources . . . until later down the line." United States v. Joaquin Archivaldo Guzman Loera, et al., 09 CR 466 (S-4) (Cogan, J.), June 29, 2017 Mem. & Order, Dkt. No. 101 at 8 (denying defendant's motion to compel disclosure of such information in government ex parte submissions); see id., Dkt. Nos. 176, 207, 291 (granting government's delayed disclosure motions).

IV.  Discussion

Here, delayed discovery is warranted because disclosure of the Materials is likely to reveal the identity of potential trial witnesses, posing significant risks to the safety of the potential witnesses and their families and increasing the risk of witness intimidation and/or obstruction of justice in this case. See United States v. Yousef, 327 F.3d 56, 168 (2d Cir. 2003) (affirming district court's determination that file should remain sealed, in part, to protect confidential sources); United States v. Stoddard, 710 F.3d 21, 23-24 (2d Cir. 1983) (per curiam) (government has interest "in preserving the secrecy of ongoing criminal investigation").

As detailed in May 20 Ex Parte Submission, the government is concerned that if the cooperation of these potential witnesses were prematurely revealed or they were otherwise identified at this juncture in the case, the defendant and his co-conspirators could undertake a campaign of harassment, intimidation and/or violence against the witnesses and/or their family members prior to trial in order to punish them for their cooperation, dissuade them from testifying against him at trial and deter the cooperation of others. Courts in this District have previously acknowledged witness security as a compelling interest justifying deferred production of discovery. See, e.g., Guzman Loera, 09 CR 466, Dkt. No. 101 at 8; United States v. Webb, No. 15-CR-252 (PKC), Dkt. No. 624 at 3-4; see also Webb, Dkt. No. 579.

There will be no prejudice to the defendant if the Court permits the government to defer disclosure of the Materials. The purpose of Rule 16 is to enable a defendant to obtain any of his own statements and other materials that are relevant to the charges to allow him to "prepare properly to face the evidence that may be introduced against him at trial." United States v. Gleason, 616 F.2d 2, 24 (2d Cir. 1979); see also United States v. McElroy, 697 F.2d 459, 463 (2d. Cir. 1982) ("Pretrial discovery prevents the defendant from being unfairly surprised with his statements at trial and enhances the ability of defense counsel to suppress inadmissible statements."). Here, the proposed protective order would authorize the government to delay disclosure of a portion of the Materials until one month before the deadline for any motions to suppress and the remainder of the Materials until two months before jury selection. This schedule will give the defendant adequate time to review those Materials in advance of trial or to file any motions. A protective order permitting delayed disclosure therefore would protect the safety of potential trial witnesses while also satisfying the objectives of Rule 16.

V.    Conclusion

For the foregoing reasons, the government respectfully moves under Rule 16(d)(1) for a protective order permitting the government to defer disclosure of one portion of the Materials until one month before any deadline to file motions to suppress, and the remainder of the Materials until two months before jury selection.  A proposed order is enclosed.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Andrew D. Wang
Assistant U.S. Attorney
(718) 254-6311

Enclosures

ADW
F.# 2020R00192

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JESUS GUZMAN-CASTRO

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - X

P R O P O S E D
O R D E R

CR 22-278 (FB)

        Upon the ex parte May 20, 2026 application of JOSEPH NOCELLA, JR., United States Attorney for the Eastern District of New York, by Assistant United States Attorney Andrew D. Wang,

        IT IS HEREBY ORDERED that pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court finds good cause to: (1) defer, until one month before any deadline set by the Court to file motions to suppress, discovery of the relevant portion of the materials described in the government's application; and (2) defer, until two months before jury selection in this case, the discovery of the relevant portion of the materials described in the government's application.

        IT IS FURTHER ORDERED that, because of the danger posed to potential witnesses in this case by disclosure of the materials described in the government's application, the government's ex parte application of May 20, 2026 shall remain sealed and ex parte until further order of the Court.

Dated:   Brooklyn, New York
          _____, 2026

                  _____
                  THE HONORABLE FREDERIC BLOCK
                  UNITED STATES DISTRICT JUDGE
                  EASTERN DISTRICT OF NEW YORK